UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CASE NO. _____

GARY GOODMAN,
     Plaintiff,

     v.

SPUNCAST, INC.,
     Defendant.
_____/

## COMPLAINT

Plaintiff Gary Goodman, by and through the undersigned counsel, sues Defendant

Spuncast, Inc., and alleges as follows.

    1.    Plaintiff Gary Goodman is a citizen of the State of Wisconsin, residing in Dodge

County.

    2.    Defendant Spuncast, Inc. is a corporation incorporated under the laws of the State

of Wisconsin and maintains its principal place of business in Dodge County, Wisconsin.

    3.    This is an action to remedy violations of Federal law, to include the Family and

Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601, *et seq.*, (referred to hereafter as the

"FMLA").

    4.    Jurisdiction is founded upon 28 U.S.C. § 1331, and this Court has supplemental

and pendant jurisdiction over any state law claims.

    5.    The cause of action herein arose in and Defendant did employ Plaintiff in the

Eastern District of Wisconsin.

### COUNT I
### INTERFERENCE WITH FMLA RIGHTS & RETALIATION

    6.    Plaintiff incorporates paragraphs 1 through 5 as though fully alleged herein.

7.      This is an action to recover damages, interest, and liquidated damages, equitable relief and attorneys' fees and costs, on behalf of Plaintiff for violations of federal rights under the FMLA.

8.      Defendant was at all times relevant a person engaged in commerce or in an industry or activity affecting commerce who employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the year of or year preceding the violations alleged herein.

9.      On July 23, 2008, Defendant had employed Plaintiff for at least 12 months and he worked at least 1,250 hours of service with Defendant during the previous 12-month period.

10.     On July 23, 2008, Plaintiff worked for Defendant at a worksite that employed at least 50 employees, or if less than 50 employees at Plaintiff's worksite, then Defendant employed at least 50 employees within 75 miles of Plaintiff's worksite.

11.     On or about July 23, 2008, Plaintiff took leave from work at Spuncast because of his own serious health condition that made him unable to perform the essential functions of his position of employment.

12.     On or about July 24, 2008, Plaintiff left work to seek medical treatment because he was coughing or spitting up blood. He informed his supervisor of the problem.  Plaintiff's supervisor sent him to get emergency medical treatment because he was spitting up blood.

13.     After leaving work on July 24, 2008, Plaintiff went to an urgent care clinic for evaluation and treatment.  The medical doctor at the urgent care clinic diagnosed Plaintiff with fractured ribs, unrelated to work, and gave him sedentary work restrictions for one week with instructions to follow up with his private medical doctor.

2

14.     After leaving the urgent care clinic on July 24, 2008, Plaintiff provided Defendant with the doctor's note identifying his injury, right rib fractures, the sedentary work restrictions that were in place for one week and stating that Plaintiff was to follow up with his private medical doctor. Defendant declined to provide Plaintiff with accommodations for his restrictions. Dan Frey, Plaintiff's supervisor, told Plaintiff that he could not return to work until his doctor released him to work without restrictions.

15.     On or about July 29, 2008, Plaintiff informed Defendant that he has a follow up appointment scheduled with his doctor for August 7, 2008.  Plaintiff informed Dan Frey of this appointment and that he would not be able to return to work until then.

16.     On or about August 7, 2008, Plaintiff's doctor restricted Plaintiff from performing any work until August 21, 2008, and told Plaintiff that the medical clinic would forward documentation of his restrictions to Defendant.

17.     On or about August 8, 2008, Plaintiff received an August 7, 2008, letter from Defendant stating that it determined Plaintiff had voluntarily terminated his employment because he was absent from work for two days without notice.

18.     After receiving the August 7, 2008, correspondence from Defendant, Plaintiff contacted Defendant stating that there had been some sort of misunderstanding because of his medical restrictions.  Defendant refused to rescind its termination decision.

19.     On or about September 5, 2008, Plaintiff obtained a full medical release to return to work without restrictions.

20.     On or about September 6, 2008, Plaintiff provided his full medical release to Defendant.

3

21.     On or about September 6, 2008, after being informed of Plaintiff's full medical release to return to work Defendant refused to return Plaintiff to work in his position or a substantially similar one, and Defendant refused to employ Plaintiff in any capacity.

22.     On and after Defendant's refusal to return Plaintiff to employment, Plaintiff was unemployed for periods of time and suffered lost wages and other damages to date.

23.     Defendant had not informed Plaintiff of his rights to leave under the FMLA either on or about July 24, 2008, or in the six month period preceding Plaintiff's request for leave for the serious health condition, fractured ribs.

24.     Plaintiff's fracture ribs prevented him from performing the essential functions of his job for Defendant from on or about July 25, 2008 through September 5, 2008.

25.     Plaintiff had sufficient FMLA leave entitlement on or about July 25, 2008, to cover his absence through September 5, 2008.

26.     Had Defendant informed Plaintiff of his right to leave under the FMLA, Plaintiff would have requested such leave and obtained any necessary certification to certify his need for such leave.

27.     On or about August 7, 2008, Defendant violated the FMLA by interfering with, restraining and denying Plaintiff the exercise of or attempt to exercise rights under the FMLA when Defendant failed to return Plaintiff to the same or substantially equivalent position held at the time of taking leave and terminated Plaintiff's employment for absences protected by the FMLA.

28.     Defendant knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FMLA.

29.     Defendant's actions were willful.

30.     Plaintiff suffered lost wages and the benefits of his employment with Defendant, or suffered actual monetary loss, as a result of Defendant's violation of his rights under the FMLA.

31.     Plaintiff has hired the undersigned counsel and law firm to represent him in this action, and is responsible for paying attorney's fees and costs.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

    a. Enter a judgment declaring that Defendant's conduct violated Plaintiff's rights under the FMLA;

    b. Enter a judgment declaring that Defendant's conduct was willful;

    c. Order Defendant to reinstate Plaintiff into his former position of employment, with all seniority, promotion and other benefits that would have accrued absent this violation of rights, or award front pay in lieu of reinstatement;

    d. Enter a judgment in Plaintiff's favor pursuant to 29 U.S.C. § 2617 (a)(1)(A) for damages equal to all wages and employment benefits lost as a result of Defendant's conduct, or if there are no such losses, or in the absence of such damages, award actual monetary losses Plaintiff sustained as a direct result of Defendant's wrongful conduct, and prejudgment interest on all such amounts calculated at the prevailing rate;

    e. Enter a judgment in Plaintiff's favor under 29 U.S.C. § 2617(a)(1)(A) for liquidated damages for the amount of all damages plus interest;

    f. Order Defendant to pay Plaintiff's reasonable attorneys' fees, expert witness fees, and other costs incurred in prosecuting this action; and

    g. Award Plaintiff all other relief to which he is entitled.

## <u>JURY TRIAL DEMAND</u>

A JURY TRIAL IS DEMANDED ON ALL COUNTS AND ISSUES.

Respectfully submitted,

s/GORDON R. LEECH, ESQ.
Wis. Bar 1039489
Attorneys for Gary Goodman
Consumer & Employment Law Center of Wisconsin
P.O. Box 309

5

Cedarburg, WI 53012-0309
Tel: 262-347-3373
Fax: 262-347-3374
Email: gleech@wis-celc.com